**E-FILED**
Tuesday, 17 August, 2004  04:50:33 PM
Clerk, U.S. District Court, ILCD

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

TRUST

AGREEMENT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Adopted March 14, 1972
As Amended
February 19, 1981

NECA-IBEW PENSION TRUST FUND

$4.000



AGREEMENT AND DECLARATION OF TRUST

Establishing the

NECA-IBEW PENSION TRUST FUND

THIS AGREEMENT AND DECLARATION OF TRUST is made and en-
tered into as of the 14th day of March, 1972, amended February 19,
1981, by and between the undersigned Union Trustees and Employer
Trustees who, together with Successor Trustees designated in the
manner hereinafter provided,

WITNESSETH:

WHEREAS, Certain Local Unions of the International Brother-
hood of Electrical Workers (hereinafter referred to as "Local Union"
or collectively as "The Union") have now and will hereafter have in
effect Agreements with certain Employers requiring payments by the
Employers into a Trust Fund for the purpose of maintaining pension
benefits for certain Employees, and

WHEREAS, each such Local Union and each Employer which ac-
cepts this Agreement and Declaration of Trust and agrees to be bound
by the provisions hereof shall, upon acceptance by the Trustees, be
deemed a party to this Agreement and Declaration of Trust, and

WHEREAS, to effect the aforesaid purpose it is desired to
establish and maintain a Trust Fund which will conform to the appli-
cable requirements of the Labor-Management Act of 1947, as amended,
and qualify as a "Qualified Trustee" and as an "exempt Trust" pursu-
ant to the 1954 Internal Revenue Code, Section 401, 501(a), as amen-
ded, and other pertinent provisions thereof, and

WHEREAS, the said Trust Fund is to be known as "NECA-IBEW Pension Trust Fund", and

WHEREAS, it is desired to set forth the terms and conditions under which the said Fund is to be established and administered,

NOW, THEREFORE, in consideration of the premises, and in order to establish and provide for the maintenance of the aforementioned Pension Trust Fund, it is understood and agreed as follows:

## ARTICLE I

### DEFINITIONS

Unless the context or subject matter otherwise requires, the following definitions shall govern in this Agreement:

SECTION 1. EMPLOYERS. The term "Employers" as used herein shall mean any Employer who now or hereafter has an agreement with a Local IBEW Union which requires periodic contributions to the Pension Fund created by this Trust Agreement and who adopts and agrees to be bound by the terms and provisions of this Agreement and any amendments or modifications thereof. The term shall also include Employers who participate in this Fund by Action of the Trustees pursuant to Article IV, Section 5 and Section 6 hereof, for the particular Employees affected.

SECTION 2. EMPLOYEES. The term "Employees" as used herein shall mean:

A. Employees of Local Unions participating in the Plan.

-2-

B.   Employees of NECA Chapters signatory to the Plan.

C.   Employees of contractors contributing to the Plan.

D.   Employees of J.A.T.C. established pursuant to terms of a collective bargaining agreement by and between parties to the Plan.

SECTION 3.  UNION.  The term "Union" as used herein shall mean a Local IBEW Union or, collectively, shall refer to all participating Local Unions.

SECTION 4.  TRUSTEES.

(a)  The term "Union Trustees" as used herein shall mean the Trustees appointed by the IBEW.

(b)  The term "Employer Trustees" as used herein shall mean the Trustees appointed by the Participating Employers.

(c)  The term "Board of Trustees" or "Board" as used herein shall mean the Trustees of the Pension Fund when acting as such.

SECTION 5.  AGREEMENT AND DECLARATION OF TRUST.  The term "Agreement and Declaration of Trust" as used herein shall mean this instrument, including any amendments hereto or modifications hereof.

-3-

SECTION 6.   PLAN.   The term "Plan" as used herein shall mean the Plan or program of pension benefits to be established by the Trustees pursuant to this Agreement and Declaration of Trust.

SECTION 7.   FUND.   The term "Fund" as used herein, shall mean the Pension Fund established by participating Local IBEW Unions and participating Employers created pursuant to this Agreement and shall mean generally the monies and other things of value which compromise the corpus and additions to the Trust Fund.

SECTION 8.   CONTRIBUTIONS.   The term "Contributions" as used herein shall mean the Contributions made by the Employers to the Fund.

SECTION 9.   BENEFITS.   The term "Benefits" as used herein shall mean the Pension Benefits to be provided pursuant to the Plan.

## ARTICLE II

### CREATION OF PENSION FUND

SECTION 1.   ESTABLISHMENT OF FUND.   There is hereby established the Pension Fund of Local Unions of the International Brotherhood of Electrical Workers and participating Employers to be used for the purpose set forth in this Agreement and Declaration of Trust.

SECTION 2.   GENERAL PURPOSES.   The Fund shall be a trust fund, and shall be used for the purpose of providing pension benefits, as decided by the Trustees, and shall further provide the means for

-4-

financing the expenses of the Trustees and the operation and administration of the Fund, in accordance with this Agreement and Declaration of Trust.

## ARTICLE III

### TRUSTEES

SECTION 1. NUMBER OF TRUSTEES. The operation and administration of the Pension Fund shall be the joint responsibility of an equal number of Union and Employer Trustees. The total number of Trustees limited to an equal number of Union and Employer Trustees, one from each wage area participating in the Fund (amended August 1, 1980).

SECTION 2. DESIGNATION OF TRUSTEES. The Trustees shall consist of one Employer Trustee named by the Employers for each wage area and one Union Trustee by the Union from each wage area. Each Trustee shall continue to serve until his successor shall have been designated and enters into the performance of his duties as hereinafter set forth. In no event shall any Trustee who is appointed as an Employer or Union Trustee from one wage area be permitted to be appointed on behalf of any other wage area.

SECTION 3. INITIAL TRUSTEES. The appointees from the Local Union, or Unions, and from the Employer, or Employers, who are participants when the Plan is first established, shall be "Initial Trustees". While service as Initial Trustees, they shall have all the powers, duties and obligations of Trustees as provided hereinafter in Article IV.

-5-

UNION TRUSTEES                    EMPLOYER TRUSTEES

_____          _____

_____          _____

SECTION 4.  APPOINTMENT OF TRUSTEES.  The Initial Trustees
shall be appointed by the respective Parties immediately upon final
execution of this Agreement and Declaration of Trust.

SECTION 5.  ACCEPTANCE OF TRUSTEESHIP.  The Initial Trus-
tees shall promptly meet and sign this Agreement and Declaration of
Trust which establishes the Pension Fund.  The Trustees, by affixing
their signatures at the end of the Agreement and Declaration of Trust
agree to accept the trusteeship and act in their capacity strictly in
accordance with the provisions of this Agreement and Declaration of
Trust.

SECTION 6.  TRUSTEES' TERM OF OFFICE.  Each Trustee shall
continue to serve as such until his death, resignation or removal
from office.

SECTION 7.  RESIGNATION OF TRUSTEE.  A Trustee may resign
and remain fully discharged from all future duty or responsibility
hereunder by giving notice in writing to the remaining Trustees,
which notice shall state the date such resignation shall take effect,
and such resignation shall take effect on such date unless a succes-
sor Trustee shall have been appointed on an earlier date, in which
event such resignation shall take effect as of the date of the

-6-

appointment of his successor; provided, however, that if any Trustee
shall fail to attend three (3) consecutive meetings of the Board of
Trustees, he shall be considered as having resigned and his replace-
ment shall be designated in accordance with the provisions of Section
8 of this Article; unless at or before the third consecutive meeting
missed, the absent Trustee shall have submitted to the Board of Trus-
tees a reason for the absences which is determined to be justifiable
by a majority of the Trustees present (amended July 17, 1974).

SECTION 8.  SUCCESSOR TRUSTEES.

(a)  In the event any Union Trustee shall die, resign
or be removed, a successor Union Trustee shall be immediately desig-
nated and appointed.  Upon filing with the remaining Trustees of the
acceptance of the trusteeship by the designated successor Trustee,
such designation and appointment shall be effective and binding in
all respects.

(b)  In the event any Employer Trustee shall die, re-
sign or be removed, a successor Employer Trustee shall be immediately
designated and appointed.  Upon filing with the remaining Trustees of
the acceptance of the trusteeship by the designated successor Trustee,
such designation shall be effective and binding in all respects.

(c)  It is the intention hereof that the Trust Fund
shall, at all times, be administered by an equal number of Union
Trustees and Employer Trustees, but in the event of a vacancy or va-
cancies, until the designation of a successor Trustee or Trustees, as
hereinabove provided, the remaining Trustees shall have the power to
act.

-7-

(d)  Any successor Trustee shall, immediately upon the acceptance of the trusteeship in writing filed with the Trustees, become vested with all the property, rights, powers and duties as a Trustee hereunder.

SECTION 9.  ADVISORY COMMITTEE.  The employers and employees may elect an Advisory Committee for the purpose of advising their respective trustees on matters relating to this Trust.

## ARTICLE IV

## POWERS, DUTIES AND OBLIGATIONS OF TRUSTEES

SECTION 1.  PROPERTY AND ASSISTANCE.  The Trustees are authorized and empowered to lease or purchase such premises, materials, supplies and equipment, and to hire and employ and retain such legal counsel, investment counsel, administrative, accounting, actuarial, clerical and other assistants or employees as in their discretion they may find necessary or appropriate in the performance of their duties.

SECTION 2.  CONSTRUCTION OF AGREEMENT.  The Trustees shall have power to construe the provisions of this Agreement and Declaration of Trust and the terms used herein and any construction adopted by the Trustees in good faith shall be binding upon the Participating Local Unions, the Participating Employers and the Employees and their families, dependents, beneficiaries and/or legal representatives.

-8-

SECTION 3. GENERAL POWERS. The Trustees are hereby empowered, in addition to other such powers as are set forth herein or conferred by law:

(a) To establish and administer a Pension Plan on behalf of the Employees referred to in this instrument.

(b) To enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust and for the administration of the Trust Fund and do all acts as they, in their discretion, may deem necessary and advisable.

(c) To compromise, settle, arbitrate, and release claims or demands in favor of or against the Trust Fund or the Trustees on such terms and conditions as the Trustees may deem advisable.

(d) To establish and accumulate as part of the Trust Fund a reserve or reserves, adequate, in the opinion of the Trustees, to carry out the purposes of such Trust.

(e) To pay out of the Fund all real and personal property taxes, income taxes and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Fund or any money, property or securities forming a part thereof.

(f) To make appropriate allocations of common administrative expenses and disbursements shared or to be shared with any other Plan or Fund.

-9-

(g)  To receive contributions or payments from any source whatsoever to the extent permitted by law.

(h)  To invest and reinvest the Pension Funds in any type of investments that are legal for Trust Funds in the State of Illinois and to take any and all action with respect to holding, buying, selling or maintaining such investments as they, in their sole discretion, may deem appropriate, provided that no investment shall be made in any securities of whatsoever nature or kind of any Employer hereunder or subsidiary or affiliate thereof.

(i)  To do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary or proper for the protection of the property held hereunder.

(j)  To establish an escrow bank account or accounts to the extent deemed necessary in their discretion pending adoption of a Pension Plan.

(k)  To do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary to accomplish the general objective of enabling the employees to obtain pension benefits in the most efficient and economical manner.

SECTION 4.  COMPENSATION.  The Union and Employer Trustees shall not receive compensation for the performance of their duties.

SECTION 5.  AUTHORITY TO ENTER INTO AGREEMENTS WITH OTHER TRUSTEES.  The Trustees are hereby given authority to enter into

agreements with Trustees of other Pension Plans to which Locals of
the IBEW are parties. In such agreements, the Trustees may agree
with the Trustees of other such Funds to exercise any and all of the
duties, powers, rights or obligations granted to the Trustees under
the Agreements and Declarations of Trust establishing such other
Funds and may provide that such Agreement be binding on their suc-
cessor Trustees and on the parties to this Agreement.

The Trustees may permit the merger of the Pension
Fund created by this NECA-IBEW Pension Trust Plan with other Pension
Funds, provided that none of the rights of any person, with respect
to any Pension Fund involved in the merger, shall, in any way, be
reduced or otherwise adversely affected; and, provided, further,
that such merger is consistent with the requirements of all applica-
ble laws and regulations, including all provisions of Section 401 of
Title 26, Internal Revenue Code.

SECTION 6. AUTHORITY TO INCLUDE OTHER EMPLOYEES. The
Trustees shall have the authority to enter into agreements with Par-
ticipating Employers for the inclusion of employees not covered by
collective bargaining agreements with any Local Union.

SECTION 7. PERSONAL LIABILITY. Neither the Trustees nor
any individual or successor Trustee shall be personally answerable
or personally liable for any liabilities or debts of the Fund con-
tracted by them as such Trustees, or for the non-fulfillment of con-
tracts, but the same shall be paid out of the Fund and the Fund is
hereby charged with a first lien in favor of such Trustee for his or
their security and indemnification for any amounts paid out by any

-11-

such Trustee for any such liability of any kind which the Trustees or any of them may incur hereunder; provided, however, that nothing herein shall exempt any Trustee from liability arising out of his own wilful misconduct, bad faith or gross negligence, or entitle such Trustee to indemnification for any amounts paid or incurred as a result thereof.

The Trustees and each individual Trustee shall not be liable for any error of judgment or for any loss arising out of any act or omission in the execution of their duties so long as they act in good faith and without gross negligence; nor shall any Trustee, in the absence of his own wilful misconduct, bad faith or gross negligence, be personally liable for the acts or omissions (whether performed at the request of the Trustees or not) of any other Trustee, or of any agent or attorney elected or appointed by or acting for the Trustees.

The Trustees shall be fully protected in acting upon any instrument, certificate, or paper believed by them to be genuine and to be signed or presented by the proper person or persons, and shall be under no duty to make any investigation or inquiry as to any statement contained in any such writing, but may accept the same as conclusive evidence of the truth and accuracy of the statements therein contained.

Neither the Employers, nor the Local Union, shall in any way be liable in any respect for any of the acts, omissions or obligations of the Trustees, individually or collectively.

-12-

The Trustees may from time to time consult with the Trust's legal counsel and shall be fully protected in acting upon such advice of cousel to the Trust as respects legal questions.

SECTION 8.  BOOKS OF ACCOUNT.  The Trustees shall keep true and accurate books of account and records of all their transactions, which shall be audited annually or oftener by a certified public accountant selected by the Trustees.

SECTION 9.  DISCLOSURE AND REPORTING.  The Trustees shall cause to be prepared and published such reports as are required by the Federal Welfare and Pension Plans Disclosure Act of 1959, as amended, from time to time, and other applicable laws and regulations.

SECTION 10.  EXECUTION OF DOCUMENTS.  The Trustees may authorize an Employer Trustee and a Union Trustee or any joint group equally composed of Employer and Union Trustees to jointly execute any notice or other instrument in writing and all persons, partnerships, corporations, or associations may rely thereupon that such notice or instrument has been duly authorized and is binding on the Fund and the Trustees.

SECTION 11.  DEPOSIT AND WITHDRAWAL OF FUNDS.  All monies received by the Trustees hereunder shall be deposited by them in such bank or banks as the Trustees may designate for that purpose and all withdrawals of monies from such account or accounts shall be made only by checks signed by the Trustees authorized in writing by

-13-

the Trustees to sign such checks. Except as hereinafter provided, no check shall be valid unless signed by two persons of whom one shall be a Union Trustee and one an Employer Trustee.

The Employer Trustees shall designate in writing the names of the particular Employer Trustees who may sign checks in the above manner, and the Union Trustees shall likewise designate in writing the names of the particular Union Trustees who may sign checks in the above manner.

The Trustees may, in their discretion, designate and authorize an Employee of the Trust to sign checks upon such separate and specific bank account or bank accounts as the Trustees may designate and establish for such purpose.

SECTION 12. BONDING. The Trustees and any employee or agent of the Trustees who handles funds or other property of the Fund shall be bonded for faithful discharge of his duties in such amount and as otherwise required by applicable law. The expense of such bond shall be paid out of the Fund.

## ARTICLE V

### CONTRIBUTIONS TO THE FUND

SECTION 1. RATE OF CONTRIBUTIONS. In order to effectuate the purposes hereof, each Employer shall contribute to the Fund such an amount as is agreed upon. The rate of contribution shall, at all times, be governed by the aforementioned agreement, together with any amendments, supplements or modifications thereto.

-14-

SECTION 2. EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made effective as required by the aforementioned Agreement, and shall continue to be paid as long as the Employer is obligated under said Agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as hereinafter provided.

SECTION 3. MODE OF PAYMENT. All contributions shall be payable to the NECA-IBEW Pension Trust Fund and shall be paid in the manner and form determined by the Trustees.

SECTION 4. DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. In addition to any other remedies to which the parties may be entitled, an Employer in default for ten working days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the monies due to the Trustees from the date when the payment was due to the date when payment is made, together with all expenses of collection incurred by the Trustees. The Trustees may take any action necessary to enforce payment of the contributions due hereunder, including, but not limited to, proceedings at law and in equity.

SECTION 5. REPORT ON CONTRIBUTIONS. The Employers shall make all reports on contributions required by the Trustees. The Trustees may at any time have an audit made by independent certified public accountants of the payroll and wage records of any Employer in connection with the said contributions and/or reports.

-15-

## ARTICLE VI

### PLAN OF BENEFITS

SECTION 1. BENEFITS. The Trustees shall have full author-
ity to determine all questions of nature, amount and duration of ben-
efits to be provided based on what it is estimated the Fund can pro-
vide without undue depletion or excessive accumulation; provided,
however, that no benefits other than pension or annuity benefits may
be provided for or paid under this Agreement and Declaration of
Trust.

SECTION 2. RECIPIENTS OF BENEFITS. Benefits may be pro-
vided in accordance with Section 1 of this Article for any Employee
of a contributing Employer.

SECTION 3. ELIGIBILITY REQUIREMENTS FOR BENEFITS. The
Trustees shall have full authority to determine eligibility require-
ments for benefits and to adopt rules and regulations setting forth
same which shall be binding on the Employees and their dependents.

SECTION 4. METHOD OF PROVIDING BENEFITS. The benefits
shall be provided and maintained by such means as the Trustees shall
in their sole discretion determine.

SECTION 5. WRITTEN PLAN OF BENEFITS. The detailed basis
on which payment of benefits is to be made pursuant to this Agree-
ment shall be specified in writing by appropriate action of the
Trustees, subject, however, to such changes or modifications by the

-16-

Trustees from time to time as they in their discretion may determine. All such changes or modifications shall similarly be specified in writing by appropriate resolution of the Trustees.

SECTION 6. The Pension Trust Plan adopted by the Trustees shall be such as will qualify for approval by the Internal Revenue Service, United States Treasury Department, and will continue as a qualified Plan, so as to insure that the Employer contributions to the Pension Fund are proper deductions for income tax purposes. The Trustees are authorized to make whatever applications are necessary with the said Internal Revenue Service to receive and maintain approval of the Pension Trust Plan.

### ARTICLE VII

### MEETING AND DECISIONS OF TRUSTEES

SECTION 1. OFFICERS OF TRUSTEES. The Trustees shall meet as promptly as possible after the execution of this Agreement and Declaration of Trust and elect a Chairman and a Secretary from among the Trustees. The terms of such officers shall commence on the date of their election and continue to the end of the calendar year or until his or their successors have been elected. At no time shall both offices be held by Trustees designated by the same parties.

SECTION 2. MEETING OF TRUSTEES. Meeting of the Trustees shall be held, at least once each year, at such place or places as may be agreed upon by the Chairman and Secretary, and additional meetings may be called by the said officers upon ten (10) days' writ-

-17-

ten notice to the other Trustees and may be held at any time without such notice if all the Trustees consent thereto in writing.

SECTION 3.  ACTION BY TRUSTEES WITHOUT MEETING.  Action by the Trustees may also be taken by them in writing without a meeting, provided, however, that in such cases there shall be unanimous written concurrence by all of the Trustees.

SECTION 4.  QUORUM.  A majority of the Employer Trustees and a majority of the Union Trustees, present in person at any meeting, shall constitute a quorum for the transaction of business.  If at any meeting the number of Employer and Union Trustees present shall be unequal, then a group of Trustees lesser in number shall be entitled to case the same number of votes as the other group of Trustees (as amended July 17, 1974; as amended February 19, 1981).

SECTION 5.  MAJORITY VOTE OF TRUSTEES.  All action of the Trustees shall be by majority decision.  Such majority vote shall govern not only this Article but any portion of this Agreement and Declaration of Trust which refers to action by the Trustees.  In the event any matter presented for decision cannot be decided because of a tie vote, or, because of a lack of quorum at two successive meetings, the matter shall be submitted to an impartial arbitrator who shall be appointed in the manner herinafter described.

SECTION 6.  MINUTES OF MEETINGS.  The Trustees shall keep minutes of all meetings but such minutes need not be verbatim.  Copies of the minutes shall be sent to all Trustees.

-18-

## ARTICLE VIII

### IMPARTIAL ARBITRATOR

In the event any matter presented for decision cannot be decided because of a tie volte or because of the lack of a quorum at two successive meetings, either the Employer or the Union Trustees may apply to the American Arbitration Association in the area in which the Fund maintains its principal office, for the designation of an arbitrator who shall make the decision which shall be final and binding. The cost and expense incident to any arbitration proceeding, including the fee, if any, of the impartial arbitrator, shall be a proper charge against the Fund, and the Trustees are authorized and directed to pay such charges.

## ARTICLE IX

### EXECUTION OF TRUST AGREEMENT

SECTION 1.  COUNTERPARTS.  This Trust Agreement may be executed in one or more counterparts.  The signature of a party on any counterpart shall be sufficient evidence of his execution thereof.

SECTION 2.  WRITTEN INSTRUMENTS.  An Employer may adopt and become a party to this Trust Agreement by executing a counterpart hereof or by executing any other written instrument wherein he agrees to participate in the Fund pursuant to the terms of this Trust Agreement subject to the approval of the Board of Trustees.

-19-

## ARTICLE X

### MODIFICATIONS OF TRUST AGREEMENT

This Agreement and Declaration of Trust may be modified in any respect from time to time by the Trustees, except that no modification shall divert the Trust Fund as constituted immediately prior thereto, or in any part thereof, to a purpose other than set forth herein, nor shall there be any modifications as the result of which there would be an unequal number of Union Trustees and Employer Trustees.

## ARTICLE XI

### TERMINATION OF TRUST

SECTION 1. BY THE TRUSTEES. This Agreement and Declaration of Trust may be terminated by an instrument in writing executed by all the Trustees when there is no longer in force and effect an agreement between any Employer and any Local Union or employee representative requiring contributions to the Funds.

SECTION 2. BY THE PARTIES. This Agreement and Declaration of Trust may be terminated by an instrument in writing duly executed by the Employers and the Union.

SECTION 3. PROCEDURE ON TERMINATION. In the event of the termination of this Agreement and Declaration of Trust, the Trustees shall apply the Fund to pay or to provide for the payment of any and all obligations of the Fund and shall distribute and apply any remaining surplus in such manner as will in their best opinion best

-20-

effectuate the purpose of the Fund; provided, however, that no part of the corpus or income of said Fund shall be used for or diverted to purposes other than for the exclusive benefit of the employees, their families, beneficiaries, or dependents, or the administrative expenses of the Fund or for other payments in accordance with the provisions of the Fund. Under no circumstances shall any portion of the corpus or income of the Fund, directly or indirectly, revert or accrue to the benefit of any contributing Employer or Union.

SECTION 4. NOTIFICATION OF TERMINATION. Upon termination of the Fund in accordance with this Article, the Trustees shall forthwith notify each Union and each participating Employer and all other necessary parties; and the Trustees shall continue as Trustees for the purpose of winding up the affairs of the Trust.

## ARTICLE XII

### MISCELLANEOUS PROVISIONS

SECTION 1. TERMINATION OF INDIVIDUAL EMPLOYERS. An Employer shall cease to be an Employer within the meaning of this Agreement and Declaration of Trust when he is no longer obligated, pursuant to an agreement with a Union, to make contributions to the Fund, or, as determined by the Trustees, when he is delinquent in his contributions or reports to the Fund.

SECTION 2. VESTED RIGHTS. No employee or any person claiming by or through such employee, including his family, dependents, beneficiary and/or legal representative, shall have any right, title or interest in or to the Fund or any property of the Fund or

-21-

any part thereof except as may be specifically determined by the
Trustees.

SECTION 3.   ENCUMBRANCE OF BENEFITS.   No monies, property
or equity, of any nature whatsoever, in the Fund, or policies or
benefits or monies payable therefrom, shall be subject in any manner
by any Employee or person claiming through such employee to anticipa-
tion, alienation, sale, transfer, assignment, pledge, encumbrance,
garnishment, mortgage, lien or charge, and any attempt to cause the
same to be subject thereto shall be null and void.

SECTION 4.   SITUS.   This Agreement and Declaration of
Trust is accepted by the Trustees in the City of Springfield, State
of Illinois, and such place shall be deemed as the situs of the
Trust Fund created hereunder.   All questions pertaining to validity,
construction and administration shall be determined in accordance
with the laws of such State.

SECTION 5.   CONSTRUCTION OF TERMS.   Wherever any words are
used in this Agreement and Declaration of Trust in the masculine gen-
der, they shall be construed as though they were also in the feminine
or neuter gender in all situations where they would so apply, and
wherever any words are used in this Agreement and Declaration of
Trust in the singular form, they shall be construed as though they
were also used in the plural form in all situations where they would
so apply, and wherever any words are used in this Agreement and Dec-
laration of Trust in the plural form, they shall be construed as
though they were also used in the singular form in all situations
where they would so apply.

-22-

SECTION 6. CERTIFICATION OF TRUSTEES' ACTIONS. The Chairman and Secretary of the Trustees may execute any certificate or document jointly on behalf of the Trustees and such execution shall be deemed execution by all the Trustees. All persons having dealings with the Fund or with the Trustees shall be fully protected in reliance placed on such duly executed document.

SECTION 7. NOTIFICATION TO TRUSTEES. The address of each of the Trustees shall be that stated on the signature page of this Agreement and Declaration of Trust. Any change of address shall be effected by written notice to the Trustees.

SECTION 8. SEVERABILITY. Should any provision in this Trust Agreement or in the Plan or rules and regulations adopted thereunder be deemed or held to be unlawful or invalid for any reason, such fact shall not adversely affect the provisions herein and therein contained unless such illegality shall make impossible or impractical the functioning of the Trust and the Plan, and in such case the appropriate parties shall immediately adopt a new provision to take the place of the illegal or invalid provision.

SECTION 9. EXPENSES OF TRUSTEES. All expenses of the Trustees incurred in the performance of their duties, such as traveling expenses to attend Trustees' meetings, may be chargeable to the Fund at the discretion of the Trustees. All other expenses incurred pursuant to Article IV hereof shall be paid by the Fund.

-23-

IN WITNESS WHEREOF, the undersigned do hereunto cause this instrument to be duly executed for and on their behalf, individually, and by virtue of their offices as thereunder duly authorized.

UNION TRUSTEES

EMPLOYER TRUSTEES

DATED: _____

-24-

AMENDMENT NO. _____ TO THE TRUST INDENTURE
OF THE NECA-IBEW PENSION TRUST FUND
AS AMENDED FEBRUARY 19, 1981

ARTICLE IV, SECTION 3 (b) of the Trust Indenture of the NECA-IBEW

PENSION TRUST FUND, as amended February 19, 1981, is hereby amended by

addition of the following language:

The Trustees are empowered to delegate the making of investments
and reinvestments in accordance with the limitations below to a
committee, comprising of six trustees, three of whom shall be
management designees and three of whom shall be union designees,
which shall be known as the Investment Committee.

The Investment Committee shall have authority to:

a. allocate new monies and reinvestments to investment managers
   who have been selected and are functioning by designation of the
   Trustees.

b. to allocate new monies and reinvestments to insurance company
   pooled guaranteed accounts.

c. to allocate new monies and reinvestments to federal government
   instruments and to instruments of agencies of the federal government.

Date:   3/27/87

Chairman

Secretary

### AMENDMENT TO ARTICLE VII, SECTION 3
### OF THE TRUST AGREEMENT
### OF THE NECA-IBEW PENSION TRUST FUND

Upon motion duly made and adopted by the Trustees of the
NECA-IBEW Pension Trust Fund on November 1, 1985, ARTICLE VII,
SECTION 3 of the Trust Agreement of the NECA-IBEW Pension Trust
Fund, adopted March 14, 1972 and amended February 19, 1981, is
hereby amended by the following addition:

> "In exception to the foregoing, the Chairman of
> the Board of Trustees may between regular meet-
> ings authorize the polling of the Trustees by
> oral vote upon request of the Investment Commit-
> tee for determination upon investment by the
> Trustees. Approval for the making of an invest-
> ment shall require a favorable two-thirds (2/3rds)
> majority vote of the Trustees of the NECA-IBEW
> Pension Trust Fund."

and ARTICLE VII, SECTION 3 of the Trust Agreement, as hereby
amended, shall read in its entirety as follows:

SECTION 3 ACTION BY TRUSTEES WITHOUT MEETING. Action by the
Trustees may also be taken by them in writing without a meeting,
provided, however, that in such cases there shall be unanimous
written concurrence by all of the Trustees. In exception to the
foregoing, the Chairman of the Board of Trustees may between reg-
ular meetings authorize the polling of the Trustees by oral vote
upon request of the Investment Committee for determination upon
investment by the Trustees. Approval for the making of an in-
vestment shall require a favorable two-thirds (2/3rds) majority
vote of the Trustees of the NECA-IBEW Pension Trust Fund.

Date: 5/16/86

_____
Chairman

_____
Secretary

AMENDMENT TO ARTICLE IV, SECTION 1
OF THE TRUST AGREEMENT
OF THE NECA-IBEW PENSION TRUST FUND

Upon motion duly made and adopted by the Trustees of the
NECA-IBEW Pension Trust Fund on July 11, 1986, Article IV,
Section 1 of the Trust Agreement of the NECA-IBEW Pension Trust
Fund is amended by the addition of the following provision:

The Trustees are empowered, in their discretion, to
engage investment managers. Any investment manager
engaged by the Trustees shall be required to meet
the definitions and qualifications set forth in ERISA.
Upon retention of such qualified investment manager,
no Trustee shall be liable for the acts or omissions
of any such investment manager in the investment or
management of funds and/or assets of the Pension Fund
delegated to such investment manager.

In witness whereof this Amendment has been executed  this 11th
day of    July         , 1986.

_____
          Chairman

_____
          Secretary